Battle, J.
 

 It cannot be disputed that the lessors of the plaintiff established, by their proofs, a full and complete title to the land in controversy, unless the exception in the deed from the Webbs to the ancestor of the lessors included it, or the defendant had acquired it himself, or prevented the lessors from acquiring it by his adverse possession. It. is clear, that, the exception in the deed referred to, gave no title in the soil of the mill-pond to the defendant. By it, he could acquire, at the utmost, only the land necessary for the mill-site,, the dam and the right of ponding the water upon the soil
 
 *392
 
 above as an easement;
 
 Whitehead
 
 v.
 
 Garris,
 
 3 Jones’ Rep. 171. - This being so, as it undoubtedly is, no length of time in the enjoyment of his easement, by the defendant, could take from the lessors and give to him the ownership of the land covered by the water. The lessors certainly had no right of action against the defendant for keeping up his dam and ponding the water back upon their land, and if he had conlinued to do so for fifty years, instead of twenty, it would not have availed him any thing towards acquiring a title to the soil. His Honor erred, therefore, in leaving it to the jury to infer a title in the soil from such possession. The cutting of trees in the pond for saw-logs was equally unavailing to the defendant. It is not stated how many he eftt, nor during how long a period he was engaged in doing it. It is simply said that “ he cut trees in the pond for logs, which had been sawed up at the'mill.” This was not such an adverse possession as, if continued for seven years under a color of title, would have ■conferred a title on the defendant;
 
 Green
 
 v. Harman, 4 Dev. Rep. 158 ;
 
 Loftin
 
 v. Cobb, 1 Jones’ Rep. 406. It could not, therefore, prevent the deed from the Webbs, which was executed in 1842, from passing the title which they had, to the ancestor of the lessors. Neither, as we have already shown, could the enjoyment, by the'defendant, of his easement in the mill-pond, have that effect. His Honor erred again in that part of his charge. The result is, that the judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam,
 

 Judgment reversed.